Filed 7/24/15  In re Javier C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re JAVIER C., a Person Coming Under the Juvenile Court Law. | H041597<br>(Santa Clara County<br>Super. Ct. No. 3-14-JV40523 A & B) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER C.,<br><br>    Defendant and Appellant. | |

Appointed counsel for minor Javier C. has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119.)  We find no arguable issues on appeal and affirm the juvenile court's orders.

## I.  Statement of the Case

In February 2014, a juvenile wardship petition (Petition A) was filed pursuant to Welfare and Institutions Code section 602, subdivision (a).  The petition alleged that appellant, who was then 16 years old, committed the following misdemeanors:

exhibiting a deadly weapon other than a firearm (Pen. Code, § 417, subd. (a)(1) – count 1); trespass on transit-related property (Pen. Code, § 369i, subd. (b) – count 2); and battery at a school (Pen. Code, §§ 242-243.2 – count 3).

A few months later, a second judicial wardship petition (Petition B) was filed pursuant to Welfare and Institutions Code section 602, subdivision (a). The petition alleged that appellant committed the offense of resisting, delaying, or obstructing an officer (Pen. Code, § 148, subd. (a)(1)).

Following a contested jurisdiction hearing as to Petition A, the juvenile court found true the allegation that appellant had committed a battery (Pen. Code, §§ 242-243.2). Following a contested jurisdiction hearing as to Petition B, the juvenile court found true the allegation that appellant had resisted, delayed, or obstructed an officer (Pen. Code, § 148, subd. (a)(1)).

At the disposition hearing, the juvenile court declared appellant a ward of the court and placed him on probation.

Appellant filed a timely notice of appeal.


## II.  Statement of Facts
### A.  Petition A

On October 1, 2013, Dominic A. and his cousin Mario J. were walking to class at Westmont High School when they were approached by four male students, including appellant. They "tried to holler . . . , claiming their set, trying to gang bang on us." Appellant came within a foot of Dominic and Mario. Mario responded by saying "if you are going to be like, be in our face, do something." Appellant called Dominic a "pussy" and tried to punch him in the chest. According to Mario, appellant tried to grab Dominic's collar. Dominic and Mario defended themselves. A fight ensued and was eventually stopped by a police officer.

2

According to appellant, he was playing handball when Mario and Dominic yelled at them. As appellant and his companions were walking back to class, one of them said, "what's up," and punched him in his right eye. Appellant did not try to punch them or grab their collars. He denied calling Dominic a pussy.

**B. Petition B**

On June 19, 2014, Officers Rolando Segura and Ryan Dote responded to a report of a gunshot and gang members hanging out in a back alley. Javier's brother Jaime C. was one of the gang members. Since Jaime C. was on probation and subject to a search condition, the officers went to his nearby residence to conduct a search. Javier was advised that the officers were going to do a probation search at his residence and asked him to wait outside. Javier responded, "I don't need to wait, I am not doing anything wrong," and continued to walk towards the residence. Officer Dote told him to stop and grabbed his arm to prevent him from entering the residence, but Javier tried to pull away. At that point, Officer Dote took him to the ground and handcuffed him.

**III.    Discussion**

Appointed appellate counsel filed an opening brief that states the facts of the case, but raises no issues. Appellant was notified of his right to submit written argument on his own behalf, but has failed to avail himself of the opportunity. Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

**IV.  Disposition**

The orders are affirmed.

3

                                           _____

                                           Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.